## EX PARTE SUSIE TEMPLETON.

No. A-493. Decided March 7, 1945.
(186 S. W., 2d Series, 68.,

*E. A. Martin, Giles Harris* and *M. Neal Smith,* all of Long-view, for relator.

PER CURIAM:

On February 20, 1945, we refused an original application for writ of habeas corpus filed in this Court by Mrs. Susie Templeton. We deem it advisable now to place of record our reasons for doing so.

Mrs. Templeton alleged that she was being illegally restrained of her liberty by an order issued by The Honorable Philip Brin, who claimed to be acting as Special District Judge of the 124th Judicial District of Texas. The regular District Judge of said court, The Honorable Earl Roberts, voluntarily enlisted as Apprentice Seaman in the United States Naval Reserves on May 4, 1944, and was immediately placed on active duty in the service of the United States Navy, and has continued to so serve since that time. He was re-elected Judge of said court in November, 1944, and took the oath of office in January, 1945, but has continued to serve in the United States Navy since that time. In compliance with the provisions of Article 1887, Revised Civil Statutes, 1925, the practicing lawyers of said district elected The Honorable Philip Brin to serve as special judge of said court during the absence of the regular judge.

Relator contends that by reason of the provisions of Section 40, Article XVI, of the State Constitution, as amended in 1932, The Honorable Earl Roberts vacated his office as District Judge when he continued to serve in the United States Navy as a member of the United States Naval Reserves after he had qualified as District Judge. She further contends that since the office is vacant, the attorneys were without authority to elect a special judge.

Section 40, Article XVI, of our Constitution forbids any person to hold two offices at the same time, but excepts members of "the Organized Reserves of the United States." At the time the amendment to this section of the Constitution was adopted in 1932, the Federal statutes provided for Organized Reserves of the various Armed Forces. Sections 341-455, Title 10, and Sections 751-851, Title 34, U. S. C. A. Since the Constitution excepted members of "the Organized Reserves of the United States" without limitation, we must presume that the voters intended to except members of the Organized Reserves of the various Armed Forces, which, of course, included the Organized Reserves of the Navy. Consequently, Roberts did not vacate his office as District Judge by continuing to serve in the United States Naval Reserves after he had been re-elected and had qualified as District Judge. Cramer v. Sheppard, Comptroller, 140 Tex. 271, 167 S. W. (2d) 147. There was no vacancy in the office of District Judge, and therefore the practicing attorneys had a right to elect a special judge to serve during the absence of the regular judge, and such special judge had the right to sentence the relator for contempt of court.

For the above reasons, the application for writ of habeas corpus was refused.

Opinion delivered March 7, 1945.